**Floyd D. BUCK, et al., Petitioners,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, et al., Respondents.**

Nos. 94–1094, 95–1088.

United States Court of Appeals, District of Columbia Circuit.

Argued April 20, 1995.

Decided June 13, 1995.

Laura L. Rovner, Washington, DC, appeared pro hac vice and argued the cause for petitioners. Douglas L. Parker, Washington, DC, was on the briefs.

Matthew M. Collette, Atty., U.S. Dept. of Justice, Washington, DC, argued the cause for respondents. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., Eric H. Holder, Jr., U.S. Atty., and Michael J. Singer, Asst. Director, U.S. Dept. of Justice, Washington, DC. Douglas N. Letter, Litigation Counsel, U.S. Dept. of Justice, Washington, DC, entered his appearance.

Before: SILBERMAN, GINSBURG, and RANDOLPH, Circuit Judges.

GINSBURG, Circuit Judge:

Three deaf truck drivers asked the Federal Highway Administration to waive its regulation requiring that drivers of commercial motor vehicles in interstate commerce be able to hear. The FHWA denied these requests, and for the reasons stated below, we deny their petitions for review of that decision.

## I. Background

The Motor Carrier Safety Act requires the Secretary of Transportation to promulgate regulations ensuring that "the physical condition of operators of commercial motor vehicles is adequate to enable them to operate the vehicles safely." 49 U.S.C. § 31136(a)(3). The regulations of the FHWA, the Secretary's delegate, state that a person is "physically qualified" to drive if, among other things, he:

> First perceives a forced whispered voice in the better ear at not less than 5 feet with or without the use of a hearing aid or ... does not have an average hearing loss in the better ear greater than 40 decibels at 500 Hz, 1,000 Hz, and 2,000 Hz with or without a hearing aid....

49 C.F.R. § 391.41(b)(11). The Act also provides that the Secretary may waive any regulation if doing so "is consistent with the public interest and the safe operation of commercial motor vehicles." 49 U.S.C. § 31136(e).

The petitioners, each of whom has operated commercial motor vehicles intra-state without incident, applied to the FHWA for waivers of the hearing regulation in 1990. They all made the same argument, *viz.*, that studies show that a deaf person can drive a truck safely and that the agency's hearing regulation violates § 504 of the Rehabilitation Act by excluding handicapped individuals on the basis of an absolute standard rather than allowing for the individualized assessment of their ability safely to operate a commercial motor vehicle.

The FHWA took no formal action on the petitioners' waiver applications for some time, but it did take steps toward reevaluating its hearing regulation. In 1991 the agency commissioned the University of Pittsburgh to study the safety record of hearing-impaired truck drivers, but the results proved inconclusive. Eventually, the FHWA decided to solicit public comments on the effectiveness and necessity of the hearing regulation. *See Qualification of Drivers; Hearing Deficiencies,* 58 Fed.Reg. 65634 (Dec. 15, 1993). In doing so the agency specifically mentioned that the petitioners' waiver applications were "initially denied." At the same time the agency stated that their applications would be incorporated into the agency's plan to conduct a three-year study whereby a number of hearing-impaired drivers would be granted a waiver, monitored, and their performance evaluated with an eye toward revising or perhaps even eliminating the hearing regulation. *Id.* at 65635; *see also Qualification of Drivers; Hearing Deficiencies; Waivers,* 58 Fed.Reg. 65638 (Dec. 15, 1993).

The agency's plan to implement a monitored waiver program was put on hold, however, when we held that conducting a similar experiment for vision-impaired drivers ran afoul of the requirement of the Act that waivers be granted only upon a prior determination that they would be "consistent with the safe operation of commercial motor vehicles." *See Advocates for Highway & Auto Safety v. FHWA,* 28 F.3d 1288, 1293 (D.C.Cir.1994). The FHWA then denied the three individual petitioner's waiver applications in virtually identical decisions issued on

December 8, 1994. The substance of those decisions is that while the petitioners may have operated vehicles safely intra-state, any waiver for them would effectively lower the standard for all hearing-impaired drivers, which the agency could not do (especially in light of our *Advocates* decision) without evidence that such a change would not adversely affect highway safety.

On review the petitioners argue that § 504 of the Rehabilitation Act requires that the FHWA conduct an "individualized assessment" of each's applicant's eligibility for a waiver. They claim that it is unlawful for the agency to rely upon a general rule applicable to all hearing-impaired individuals without regard to their actual ability to drive a truck safely.

## II. Analysis

Section 504 of the Rehabilitation Act provides:

No otherwise qualified individual . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under . . . any program or activity conducted by any Executive agency. . . .

29 U.S.C. § 794. The FHWA does not dispute that the petitioners' deafness is a disability and that this disability is the sole reason for which it has denied each of them the opportunity to obtain a license to drive commercial motor vehicles in interstate commerce.

■ The applicability of § 504 therefore turns upon whether each petitioner is an "otherwise qualified individual," i.e., "one who is able to meet all of a program's requirements in spite of his or her handicap." *Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). As the Supreme Court has noted, in order to "protect handicapped individuals from deprivations based on prejudice, stereotypes, or unfounded fear," a determination as to whether an individual is otherwise qualified should "in most cases" be made in the context of an "individualized inquiry" into the relation between the requirements of the program and the abilities of the individual. *School Board of Nassau County v. Arline,* 480 U.S. 273, 287, 107 S.Ct. 1123, 1130–31, 94 L.Ed.2d 307 (1987).

In accordance with this principle the FHWA allows, for example, a limb-handicapped driver to demonstrate that, with the aid of a prosthetic or orthotic device, he can operate the controls of a vehicle with the required precision and force. Unless the agency could reasonably conclude that all limb-handicapped drivers are incapable of a certain task necessary to the safe operation of a vehicle, it would no doubt be improper for it to refuse such an individual, solely upon the basis of his handicap, the opportunity to demonstrate his proficiency at the required task. Likewise, the agency is willing to allow any individual to demonstrate that he can meet the hearing standard in any way, for example, by using any type of hearing aid.

■ Where the agency has established a certain safety standard, however, and there is no way in which an individual with a certain handicap can meet that standard, the law does not require the pointless exercise of allowing him to try. In this case the agency has reasonably determined—at least until it is presented with evidence to the contrary—that in order to operate a vehicle safely a driver must be able to hear with a certain acuity. Once an individual has admitted that he does not meet such a necessary—as opposed to a merely convenient—standard, the Rehabilitation Act does not forbid the application to him of a general rule. *See, e.g., Traynor v. Turnage,* 485 U.S. 535, 551, 108 S.Ct. 1372, 1383–84, 99 L.Ed.2d 618 (1988) (individual inquiry not necessary to determine whether veterans' alcoholism was result of willful misconduct because agency reasonably determined such inference could not be negated); *Ward v. Skinner,* 943 F.2d 157, 162–64 (1st Cir.1991) (upholding FHWA's decision denying waiver to driver under rule excluding persons with history of epilepsy even though he had been asymptomatic for some time). Thus the one-armed driver is allowed to demonstrate that he can manipulate the controls of a vehicle with the aid of a prosthetic device, but there is no reason to

allow him to show that one does not need to manipulate the controls at all.

The petitioners therefore misstate the issue when they argue that the agency must decide whether a deaf individual is able to operate a truck safely in spite of his handicap. They are really launching a collateral attack upon the validity of the hearing requirement itself, arguing in effect that the FHWA erred in determining that the ability to hear with the specified acuity is necessary in order to operate a vehicle safely. As then-Judge Breyer noted in *Ward, id.,* the proper forum in which to get the relief the petitioners seek is the FHWA, in a proceeding to modify or repeal the rule itself. The agency is in fact in the process of conducting such a rulemaking, 58 Fed.Reg. 65634, and the petitioners have already filed comments therein.

■ Moreover, notwithstanding any possible implication of the Rehabilitation Act, the Motor Carrier Safety Act specifically forbids the FHWA from waiving any of its regulations without "evidence" that doing so "is consistent with the safe operation of commercial motor vehicles." 49 U.S.C. § 31136(e); *see Advocates for Highway Safety,* 28 F.3d at 1294. The only evidence upon which the petitioners relied in support of their applications was their own anecdotal experience driving trucks intra-state and the University of Pittsburgh study. The former is arguably relevant but hardly compelling. The latter concludes that hearing-impaired drivers have a crash risk of anywhere from .7 to 2.0 times that of other drivers. 58 Fed.Reg. at 65635. We can hardly say that the FHWA was unreasonable in refusing to grant individual exceptions to an established safety rule upon that basis.

### III. Conclusion

For the reasons stated herein, the petitions for review are

*Denied.*